UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAVON MOSBY,

    Petitioner,

v.                                    Case No. 5:03-cv-97-Oc-10GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____

## **ORDER DENYING PETITION**

Petitioner filed this pro se case pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 2002 guilty-plea conviction of attempted murder, burglary of a dwelling while aremed, shooting into an occupied conveyance, and possession of a firearm by a felon, for which he received a 10-year mandatory minimum sentence. Pet. Resp. Exh. A. Petitioner did not appeal, but unsuccessfully pursued state collateral relief from his conviction. See id. The only issue asserted in the instant Petition is that Petitioner's guilty plea was not knowing and voluntary because his counsel did not inform him that he would have to serve the entirety of his ten-year sentence. Petition (Doc. 1). The state court rejected this claim on the merits on collateral review. Pet. Resp. Exh. A. The Respondent concedes that the Petition is timely and that Petitioner exhausted his state remedies with respect to his claim. Pet. Resp. (Doc. 7).

The Court has carefully reviewed the record and, for the reasons set forth

more fully below, concludes that Petitioner is not entitled to an evidentiary hearing.[1] The pertinent facts of the case are fully developed in the record before the Court.[2] No additional evidentiary proceedings are required.[3]

## Merits of Claims

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[4] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1). Moreover, each clause ("contrary to" and "unreasonable application") provides a separate basis for review.[5]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The AEDPA directs that only clear and convincing evidence will rebut

---

[1] Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999).

[2] Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992).

[3] High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2001) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)).

[4] Williams v. Taylor, 529 U.S. 362, 403-04, 120 S.Ct. 1495, 1518-19 (2000).

[5] Id. at 405-410.

the presumption of correctness afforded the factual findings of the state court. See § 2254(e)(1).

## Voluntariness of Plea

Regarding the voluntariness of a plea, the Eleventh Circuit has stated that a reviewing federal court "may set aside a state court guilty plea only for failure to satisfy due process. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review."[6]

## Ineffective Assistance of Counsel

In order to demonstrate that counsel rendered ineffective assistance, Petitioner must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense.[7] In the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[8] Moreover, "the representations of the defendant [at the plea hearing], as well as any findings by the

---

[6] Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. (1991) (quotation and citation omitted).

[7] Strickland v. Washington, 466 U.S. 668 (1984).

[8] Hill v. Lockhart, 474 U.S. 52, 59 (1985).

judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[9]

### Discussion

The state court rejected Petitioner's argument because the transcript of the sentencing hearing plainly reflected that Petitioner knew he was facing a 10-year sentence and that he would be required to serve the entire 10 years. See Pet. Resp. Exh. A. A review of the transcript reflects that the state court was correct. See Pet. Resp. Exh. B. Petitioner's counsel stated that Petitioner was pleading guilty with the "understanding that he would receive a ten year minimum mandatory sentence[.]" Petitioner acknowledged to the court that he understood and agreed with his counsel's statement. Subsequently, the court inquired "[d]id anyone promise you anything other than what your lawyer has just announced, which is a ten year sentence, minimum mandatory. That means you have to serve the whole ten years; do you understand that?" Petitioner agreed. See id.

Petitioner contends that he was not advised that he would be required to serve his sentence "day for day." Although those precise words are not present in the transcript, it is apparent that Petitioner was advised that he would be required to

---

[9] Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

serve the full term of his 10-year sentence. Accordingly, even if Petitioner's counsel did not tell Petitioner his sentence would be served "day for day," there is nothing in the record that suggests that Petitioner was prejudiced in any way by the asserted error.[10]

## Conclusion

An independent review of the record clearly shows that the state court's adjudication of Petitioner's claim was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. Additionally, the state court's adjudication of this claim did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Accordingly, the Petition is **DENIED** and this case is dismissed with prejudice. The Clerk is directed to enter judgment denying the Petition and dismissing this case with prejudice, terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 30th day of March 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Davon Mosby
  Counsel of Record

---

[10] See Hill, 474 U.S. 57-59.